**Johnny Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43537.

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 12, 1971.

Patrick A. Hudson, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. The punishment was assessed at fifteen years.

The sufficiency of the evidence is not challenged. The record reflects that on March 18, 1968, James Monroe Allen and Johnny Lee Brown, the appellant, hit Willie Green Lowrie, knocked him to the ground, stomped him and took some six dollars from his pocket.

Complaint is made that reversible error was committed during the direct examination of Officer Hawkins by the assistant

district attorney when the following transpired:

"Q. And I will ask you if you had an occasion to answer another call on March 25th?

"A. Yes, sir, I did.

"Q. And where did you go?

"A. 1015 Griffin Street.

·"Q. And who did you talk to there?

"A. Mr. Burnell Lucky.

"Q. And I will ask you if he showed any signs of having been attacked—?"

Appellant's objection " * * * as to what might have occurred" was sustained.

The jury was instructed not to consider the question. A motion for mistrial was overruled.

█ This Court has consistently held a conviction will rarely be reversed because of an improper question unless it was obviously harmful to the accused. Smith v. State, Tex.Cr.App., 457 S.W.2d 58; Mitchell v. State, Tex.Cr.App., 455 S.W.2d 266; Mirowitz v. State, Tex.Cr.App., 449 S.W.2d 475, and Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224.

The question was not obviously harmful,

█ Lastly, appellant complains that reversible error was committed during the cross-examination of the appellant when he was asked if he knew that James Monroe Allen, (the co-indictee), had gone to the penitentiary for this offense. He answered that he knew that he had gone but not on this offense.

No objection was made to the question. The question should not have been asked, but in view of his answer and absent any objection no reversible error is shown. See Morton v. State, Tex.Cr.App., 460 S.W.2d

917, and Williams v. State, Tex.Cr.App., 460 S.W.2d 149.

The record contains no reversible error.

The judgment is affirmed.