**Richard Stanley GLEFFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47962–47965.**

Court of Criminal Appeals of Texas.

May 15, 1974.

Lawrence B. Mitchell, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from convictions in four separate cases, to-wit: (1) cause number 47,962—assault to murder with malice; the punishment assessed by the jury is twenty-five (25) years; (2) cause number 47,963—assault with intent to rob; the punishment assessed by the jury is seven (7) years; (3) cause number 47,964 and (4) cause number 47,965—separate convictions for robbery by assault; the punishment assessed by the jury in each robbery is fifty (50) years.

The four causes were tried together before the same jury at the request of the appellant by the granting of his motion to

consolidate. In this appeal the appellant does not contest the sufficiency of the evidence.

The record reflects that appellant on December 10, 1971, robbed at gunpoint the manager of the Stardust Motel in Dallas. Then on December 18, 1971, appellant, together with another man, robbed the cashier at the Interpark Valet Parking Service, Love Field, Dallas. On December 27, 1971, appellant and another entered an A & P Grocery Store in Dallas, began the robbery, shot one of the employees, then fled.

■ Complaint is made that reversible error was committed during the direct examination of a bystander whose wife was knocked down by appellant while he was fleeing from the attempted robbery at the grocery store and the shooting. The following transpired:

"Q * * * (W)hich one of them knocked your wife down?

"A It was this other fellow. No, Gleffe (appellant), he ran through us, pushed me aside and hit my wife and knocked her down.

"Q Now, what was your wife's condition at that time?

"A She was four months pregnant.

"Q She was four months pregnant?

"A Yes, sir.

"Q Did she have a miscarriage?

"A Yes, sir, she had—"

Appellant's objection was sustained. The jury was instructed to disregard and appellant's motion for a mistrial was denied.

We stated in Brown v. State, 466 S.W. 2d 288 (Tex.Cr.App.1971):

"This Court has consistently held a conviction will rarely be reversed because of an improper question unless it was obviously harmful to the accused.

Smith v. State, Tex.Cr.App., 457 S.W.2d 58; Mitchell v. State, Tex.Cr.App., 455 S.W.2d 266; Mirowitz v. State, Tex.Cr. App., 449 S.W.2d 475, and Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224."

The record does not reflect that the prosecutor acted in bad faith in propounding the complained of question, nor does the record reflect any calculated attempt to circumvent rulings of the court or any repetition of such questioning. We conclude the court's instruction to disregard was sufficient under the circumstances. Appellant's ground of error is overruled.

In two grounds of error the appellant contends a reversal of the cause is required because of the prosecutor's jury argument.

He complains of the following argument:

"Long haired, blond headed people committing robberies day in and day out in Dallas County? Now, do you think that's true? * * * they * * * (could have asked) Detective Adamcik, 'Detective Adamcik, isn't it a fact that we are still having those robberies by that 5 foot 5 inch, 130 pound, blond headed person with a mustache? They are still going on day in, day out in Dallas County?' No, that's not true, because they stopped December 29, 1971—"

The court sustained appellant's objection and instructed the jury to disregard the argument. Appellant did not request a mistrial.

■ There are two reasons for the overruling of this ground of error. First, appellant received the relief he sought and, not having requested a mistrial, the error, if any, was waived. Bourg v. State, 484 S.W.2d 724 (Tex.Cr.App.1972); Haywood v. State, 482 S.W.2d 855 (Tex.Cr.App. 1972); and Burks v. State, 432 S.W.2d 925 (Tex.Cr.App.1968). Second, the complained of argument was invited by the following argument of appellant's counsel:

"There are many, many, many young men in Dallas with long hair, with Army

jackets on. You can drive down Lemmon Avenue, you can drive down to Lee Park, you can drive down to East Dallas, you can drive all over town and you can see many people with Army jackets. You can see many people with long hair. You can see many short men. You can see many tall men. Some of them are armed robbers; some of them aren't. It's just that simple. We get a lot of robberies around here with young people with long hair. Get two or three of them a day. * * * I believe the man that did these things is still out there running around. I think we ought to devote our attention to getting him in here." See Hefley v. State, 489 S.W.2d 115 (Tex.Cr.App.1973); Sennette v. State, 481 S.W.2d 827 (Tex.Cr.App. 1972); and Turner v. State, 482 S.W.2d 277 (Tex.Cr.App.1972).

The other portion of the jury argument of which complaint is made is:

"Let's be fair to them. Let's turn them all out on the street. We ought to turn that flag upside down with reference to people like this in this country—"

The court sustained appellant's objection, instructed the jury to disregard the argument, but overruled appellant's motion for a mistrial.

▮▮▮ The meaning of the argument taken as a whole would appear to be a proper plea of law enforcement. See Alejandro v. State, 493 S.W.2d 230 (Tex.Cr. App.1973); Cunningham v. State, 484 S. W.2d 906 (Tex.Cr.App.1972). The error, if any, was cured by the trial court's having had the comment withdrawn and having the jury to disregard it. Cunningham v. State, supra; and Ward v. State, 474 S. W.2d 471 (Tex.Cr.App.1971).

▮▮▮ Appellant's grounds of error four and five urge error by the trial court in allowing the in-court identification of appellant by the two witnesses Dorothy Highfield and John Simmons, because the pretrial photographic display was so impermissibly suggestive as to give rise to the likelihood of misidentification.

The record before this court contains the trial court's findings of fact and conclusions of law of a hearing held prior to the trial of the present cause to determine whether the identification of appellant by the two witnesses was impermissibly tainted. There is no statement of facts from this hearing.

The findings of the trial court establish that it followed the standards as set forth by this court in Thompson v. State, 480 S. W.2d 624 (Tex.Cr.App.1972):

"The factors to be considered, in determining the origin of an in-court identification include: (1) the prior opportunity to observe the alleged criminal act, (2) the existence of any discrepancy between any pre-lineup description and the defendant's actual description, (3) any identification prior to lineup of another person, (4) the identification by picture of the defendant prior to the lineup, (5) failure to identify the defendant on a prior occasion, and (6) the lapse of time between the alleged act and the lineup identification. United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969)."

Applying this criteria, we hold the trial court was correct in its ruling:

". . . the Court concludes that while pictures were shown to the witnesses, that they were not shown under conditions or circumstances which were unnecessarily suggestive or conducive to irreparable mistaken identification which would be a denial of due process based on the totality of the circumstances surrounding the crime . . ."

We overrule appellant's grounds of error four and five.

The remaining grounds of error challenge the court's failure to have a pre-trial hearing on the issue of identification by

the three witnesses to the alleged assault to murder at the A & P Grocery Store, James A. Davy, E. L. Bryant and M. W. Turner, when appellant made a motion requesting same.

After the motion by appellant, the court made the following ruling:

"Let the record reflect that this Defendant was heretofore tried in cause number C–72–334–JH, styled the State of Texas versus Richard Stanley Gleffe, upon a bill of indictment alleging the felony offense of robbery . . . and the Court at that time did conduct a hearing out of the presence of the jury in that case with regard to aforementioned witnesses and filed therein Findings of Fact and Conclusions of Law, wherein the Court established that the in Court identification was not tainted. And, if Mr. Boardman wishes, the Court will incorporate into the record of these cases those Findings of Fact and Conclusions of Law, and the Court will not again conduct the same type hearing."

Appellant's appointed counsel, who did not represent the appellant at his robbery trial (Cause No. C–72–334–JH) growing out of the same transaction as the instant assault to murder case,[1] then requested the court to incorporate the findings of fact and conclusions of law in the record.[2] It does not appear from the record whether appellant's counsel had benefit of the transcription of the court reporter's notes from the pre-trial hearing.

■ Thereafter, the witnesses Davy, Bryant and Turner all made in-court iden-

tifications of the appellant based on their observations under excellent lighting conditions at the time of the offense. It appears that such identifications were of independent origin. The State originally did not offer evidence of any prior photographic identification. In the presence of the jury the appellant first developed the fact that the witnesses Davy and Bryant had made such photographic identifications and he explored the circumstances of such identifications. The witness Turner did not testify in the instant trial as to any pre-trial photographic identifications. The mere showing of pictures prior to trial is not a denial of due process, Evans v. State, 444 S.W.2d 641 (Tex.Cr.App.1969); Jones v. State, 458 S.W.2d 62, 64 (Tex.Cr.App. 1970), and nothing in the record before us indicates the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Sutherland, 428 F.2d 1152 (5th Cir. 1970); Bowman v. State, 446 S.W.2d 320 (Tex.Cr.App.1969).

■ While the trial court's position that it does not want to rehear the same testimony it had earlier heard on the same matter in a previous trial is understandable, we are of the view that, since appellant was represented by different counsel, counsel's request should have been granted.[3] Appellant does not assert on appeal, however, that he was denied the effective assistance of counsel by the court's action, and nothing in the record before us indicates that a separate hearing would have shown a vio-

---

1. The robbery took place at an A & P Grocery Store where a customer, L. D. Cross, was robbed. During the same transaction, an employee of the store, E. L. Bryant, the complainant in the instant case, was shot.

2. On appeal appellant complains that the findings of fact and conclusions of law were not brought forward in the appellant record. In a supplemental transcript they have now been brought forward, as well as a transcription of the court reporter's notes from the pre-trial

hearing in the earlier robbery case, where the question of the "taint," if any, of the in-court identification of the appellant by the three named witnesses was explored.

3. It would appear that much time could be saved in similar circumstances if the parties by agreement have the transcription of the court reporter's notes of the prior hearing introduced, with counsel being given an opportunity to interrogate the witnesses as to any relevant matters not previously covered.

lation of appellant's rights or indicates that the in-court identifications were "tainted." While the error should have been avoided, we conclude that under the circumstances of this particular case it is harmless error beyond a reasonable doubt.

The judgments are affirmed.

Opinion approved by the Court.