NO.
12-06-00175-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JEFF DOYAL ROBERTSON,        §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN ZANDT COUNTY, TEXAS

                                                                                                                                                           


OPINION

            Jeff Doyal
Robertson appeals his conviction for assault with a deadly weapon, for which he
was sentenced to imprisonment for twenty years. 
In four issues, Appellant argues that 1) the trial court erred in
permitting the State to argue the direct application of parole to Appellant, 2)
the trial court erred in submitting a special issue during the punishment phase
of trial on whether Appellant used a deadly weapon, 3) the evidence was
factually insufficient to support his sentence, and 4) the sentence imposed
against him constitutes cruel and unusual punishment in violation of the United
States and Texas constitutions.  We
affirm.

                                                                        

Background

            Appellant
was charged with aggravated assault of a public servant with a deadly weapon
and  pleaded “not guilty.”  At trial, Appellant argued that the victim of
the assault, Canton ISD’s athletic director and head football coach Gary Joe
Kinne, was not a public servant.  The
jury did not find Appellant guilty of the charged offense, but instead found
Appellant guilty of the lesser included offense of aggravated assault.  The case then proceeded to the punishment
phase of the trial.








            During
closing argument in the punishment phase, the State attempted to explain the
difference between community supervision and parole.  During that discussion, the State argued, 
“Let’s say they get sentenced to prison for five years.  Well, as I said, we don’t have truth in
sentencing in Texas, so he gets sentenced to five years, parole is a process
whereby they probably don’t actually do five years.  If they behave themselves in prison - -.”  At this point, Appellant objected that the
State’s argument asked the jury to consider how parole affects Appellant’s
sentence.  The trial court sustained the
objection, and the Appellant asked for a limiting instruction, which was given
by the trial court.  Appellant did not
seek a mistrial based on the State’s argument regarding parole.

            The
trial court then charged the jury.  The
punishment phase charge contained a special issue as to whether Appellant used
a deadly weapon in committing the aggravated assault.  Appellant had objected to this portion of the
charge claiming that the deadly weapon issue “should have been submitted and
w[as] not properly submitted at guilt/innocence and absent a finding of true on
those special issues at the appropriate time, the only finding would be one of
implied not true.  We object to the
submission to the jury at this stage of trial.” 
The trial court overruled Appellant’s objection. 

            The
jury returned a verdict of a twenty year prison sentence for Appellant.  The trial court sentenced Appellant
accordingly.  This appeal followed.

 

Parole
Argument

            In his third
issue, Appellant contends that he is entitled to a new trial because the trial
court permitted the State to argue the effects of parole on his sentence.

            “To preserve
error in prosecutorial argument, a defendant must pursue to an adverse ruling
his objections to jury argument.”  Archie
v. State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007).  “The essential requirement is a timely,
specific request that the trial court refuses.” 
Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App.
2004).  When a defendant receives the
relief requested but has not requested a mistrial, the error, if any, is
waived.  Gleffe v. State,
509 S.W.2d 323, 325 (Tex. Crim. App. 1974). 
Even if the error was such that it could not be cured by an instruction,
the defendant must object and request a mistrial to preserve the error.  Mathis v. State, 67 S.W.3d 918,
927 (Tex. Crim. App. 2002).  

            Here, the
record shows that the trial court sustained Appellant’s objection to the State’s
argument concerning parole.  The trial
court then granted Appellant’s request for a limiting instruction and
instructed the jury to disregard the State’s argument concerning parole.  But Appellant did not seek a mistrial based
on the State’s argument concerning parole, and thus did not obtain an adverse
ruling from the trial court on this issue. 
Because Appellant did not obtain an adverse ruling from the trial court,
he has failed to preserve error, if any, on this issue.  Appellant’s third issue is overruled.

 

Jury Charge
During Punishment Phase

            In his
second issue, Appellant contends that the trial court erred during the
punishment phase by submitting a special issue on the use of a deadly weapon.

            In criminal
jury trials, the trial court must deliver “a written charge distinctly setting
forth the law applicable to the case.”  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2006).  Because the charge
instructs the jury on the law applicable to the case, it must contain an
accurate statement of the law and set out all essential elements of the
offense.  Dinkins v. State,
894 S.W.2d 330, 339 (Tex. Crim. App. 1995). 
A defendant must be given an opportunity to examine the charge and
object to any errors of commission or omission. 
See Tex. Code Crim. Proc. Ann. art.
36.14.  Generally, a defendant must
object to the trial court’s charge or submit special requested instructions in
order to preserve error on appeal.  See
id.; Tex. Code Crim. Proc.
Ann. art. 36.15 (Vernon 2006). 
Objections must distinctly specify each ground upon which they are
predicated.  Id. art.
36.14.  Objections and special requested
instructions must be in writing or dictated to the court reporter.  Id.; Tex. Code Crim. Proc. Ann. art. 36.15. 

            Where an
appellant has properly preserved an issue for review, we must ascertain if
error actually occurred.  See Posey
v. State, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998).  If error occurred and was properly preserved,
reversal is required if the error was calculated to injure the rights of the
defendant.  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985). 
In other words, an error that has been properly preserved will require
reversal only if the error is not harmless. 
Id.  We evaluate the
issue of harm “in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument
of counsel and any other relevant information revealed by the record of the
trial as a whole.”  Id.

            Here,
Appellant complains that the special issue on use of a deadly weapon should not
have been submitted in the punishment phase. 
Appellant made this objection at trial. 
However, Appellant has not presented us with, and we have not found, any
cases where submission of the deadly weapon special issue during the punishment
phase of the trial has been deemed error. 
The Texas Court of Criminal Appeals has said that “the better
practice is to submit the deadly weapons special issue charge at the
guilt/innocence phase of the trial.”  Hill
v. State, 913 S.W.2d 581, 586 (Tex. Crim. App. 1996) (emphasis in
original).  But not following better
practice is not the same as committing error, and a deadly weapon special issue
during the punishment phase has been deemed proper.  Flenteroy v. State, 187 S.W.3d
406, 411-12 (Tex. Crim. App. 2005). 
Consequently, Appellant has failed to show error in the trial court’s
charge.  Appellant’s second issue is
overruled. 

 

The Sentence

            In
his first issue, Appellant contends that the evidence was not factually
sufficient to support the sentence imposed on him.  In his fourth issue, Appellant contends that
the sentence imposed upon him violates the Texas and United States
constitutions.[1]

            Initially,
we address Appellant’s factual sufficiency argument.  The court of criminal appeals has extended
factual sufficiency review to include “the elements of the offense.”  Clewis v. State, 922 S.W.2d
126, 136 (Tex. Crim. App. 1996).  The
determination of the elements of the offense, however, is quite different from
the assessment of the amount of punishment. 
Bradfield v. State, 42 S.W.3d 350, 352 (Tex. App.–Eastland
2001, pet. ref’d).  When assessing
punishment, guilt has been decided and the focus of the factfinder is
determining the appropriate consequences for that guilt.  Id.  To conduct a factual sufficiency review of
the determination of punishment, we must extend the standard announced in Clewis,
and this is something we decline to do. 
We agree with the Beaumont and Eastland courts that a review of the
evidence for factual sufficiency is inappropriate with respect to the
assessment of punishment.  Bradfield
v. State, 42 S.W.3d 350, 351-52 (Tex. App.–Eastland 2001, pet. ref’d); Kanouse
v. State, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.).

            As
to Appellant’s constitutional arguments, we note that Appellant made no
objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived such an issue on appeal.  See Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the
Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995) (waiver with regard to rights under the United States Constitution);
Tex. R. App. P. 33.1.  However, even absent waiver, Appellant could
not prevail on this issue.

            Appellant
concedes that his punishment is within the statutory range, but contends it is
grossly disproportionate to the facts in violation of the constitutional
prohibition against cruel and unusual punishment.  See U.S.
Const. amend. VIII;  Solem
v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 3006, 77 L. Ed. 2d 637 (1983).
The proportionality of a sentence is evaluated by considering (1) the gravity
of the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.  Unless Appellant
establishes the first element of the Solem test, that his
sentence is grossly disproportionate to his crime, we need not address the
second and third elements.  See McGruder
v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Jackson
v. State, 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.). 

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummell v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).  After
considering the facts of the instant case in light of Rummell, we
conclude that Appellant’s sentence was not unconstitutionally
disproportionate.  See id.,
445 U.S. at 266, 100 S. Ct. at 1134-35 (holding that life sentence is not cruel
and unusual punishment for obtaining $120.75 by false pretenses where appellant
had a prior felony conviction for fraudulent use of credit card to obtain $80
worth of goods or services and another for passing a forged check in amount of
$28.36).  Absent a threshold showing of
disproportionality, we need not address the second and third Solem elements.  Therefore, we cannot conclude that Appellant’s
sentence constituted cruel and unusual punishment.

            Appellant’s
first and fourth issues are overruled.

                

Disposition

Having overruled Appellant’s four
issues, we affirm the trial court’s judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion
delivered August 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Although Appellant’s brief does not
specifically set out a fourth issue, Appellant argues that the sentence imposed
upon him is cruel and unusual punishment in violation of the Texas and United
States constitutions.  We treat Appellant’s
constitutional arguments as his fourth issue and consider it together with his
factual sufficiency argument.