Opinion issued April 24, 2008 







 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00155-CR
  __________
 
EVERADO ZUNIGA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 1079161
 

 
 
MEMORANDUM OPINION
           A jury found appellant, Everado Zuniga, guilty of aggravated robbery, and the
trial court assessed punishment at 30 years in prison. In five issues, appellant
contends that (1) the evidence is legally and factually insufficient to sustain the
conviction, (2) there was a fatal variance between the trial testimony and the
indictment, (3) trial counsel was ineffective for failing to investigate his sanity and
competency, (4) there was improper jury argument, and (5) the trial court erred by
denying his motion for new trial. 
          We affirm. 
Background
          On June 2, 2006, Guadalupe Garcia was standing by his truck, smoking a
cigarette and listening to the truck radio outside a medical clinic where his infant
daughter was being treated. Appellant approached Garcia, put a knife to his stomach,
and asked for the keys to the truck. Garcia handed over the keys and his rings, watch,
and wallet, and appellant drove away in the truck. Garcia described appellant’s
unique tattoos to the police—a star on his head and the number “45" and Jesus’ face
were tattooed on his arm. The next day, the police found the truck, which had been
completely stripped. Appellant was developed as a suspect, and Garcia identified him
in a photo spread.
Screwdriver vs. Knife
          In issue one, appellant argues that the evidence is legally and factually
insufficient to establish that appellant used a knife in the commission of the offense. 
In a related issue, appellant contends that there is a “fatal variance between the trial
testimony that appellant robbed [Garcia] by exhibiting a screwdriver, and the
indictment which alleged a knife.”
Sufficiency
          In evaluating the legal sufficiency of the evidence, we view it in the light most
favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175
S.W.3d 795, 798 (Tex. Crim. App. 2005). The same standard applies to both direct
and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995).
          We do not weigh any evidence or evaluate the credibility of any witnesses, as
this was the function of the fact finder. See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992). Instead, we must determine whether both the explicit and implicit findings of
the trier of fact are rational by viewing all the evidence admitted at trial in the light
most favorable to the verdict. See Adelman, 828 S.W.2d at 422. In making this
determination, we resolve any inconsistencies in the evidence in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).
          In conducting a factual sufficiency review, we view all of the evidence in a
neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). Our factual
sufficiency review must include a discussion of the most important and relevant
evidence that supports the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003). We will set aside the verdict only if (1) the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the
verdict is against the great weight and preponderance of the evidence. Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We may not conclude that the
evidence is factually insufficient simply because we disagree with the verdict. 
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). The fact finder alone
determines the credibility of the witnesses and may choose to believe all, some, or
none of their testimony. Cain v. State, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App.
1997).
          A person is guilty of aggravated robbery if he uses or exhibits a deadly weapon
in the course of committing robbery. Tex. Pen. Code Ann. § 29.03(a) (2) (Vernon 
2003). Appellant contends that the evidence is legally and factually insufficient to
support the finding that appellant used or exhibited a deadly weapon. 
          When discussing the events surrounding the aggravated robbery, the State
asked Garcia the following questions:
Q.Who arrived?
A.The one that robbed me.
Q.What happened next?
A.He put that thing to my stomach.
Q.Before he put the thing to your stomach did anything happen?
A.No.
Q.So did he say anything before he put the knife to your stomach?
A.No.
Q.What did he say, if anything, when he put the knife to your
stomach?
 
Appellant:Objection, your Honor. Assumes facts not in
evidence.
 
Court:Sustained.
 
Q.When he pulled his knife did he say anything?
 
A.Yes. To give him the keys.
 
Q.What did you say?
 
A.No. Well then I gave them to him and everything else.
 
Q.What did the knife look like?
 
A.Like a screw driver.

          . . . 
 
          Q.      Where was the knife?
 
          A.      In his pocket.

          . . . 
 
          Q.      And where did he put the knife to you?
 
          A.      My stomach.

          . . . 
 
Q.And the person you gave all that stuff to when you—was the
knife out the whole time while you were giving it to him?
 
          A.      Yes.

          . . . 
 
Q.And I’m not sure if I asked you this or not Mr. Garcia when he
put the knife to your stomach were you scared?
 
          A.      Yes.

Appellant argues that, because the State’s weapons expert did not testify that a
screwdriver could be a deadly weapon, the State has failed to prove an essential
element of its case. We disagree.
          Garcia testified that the knife looked like a screwdriver. He did not testify that
appellant was wielding a screwdriver. Furthermore, Garcia was asked if appellant
said anything when he put the knife to Garcia’s stomach or when he pulled the knife. 
Garcia answered both questions and many more without qualifying that appellant had
a screwdriver and not a knife.
          We hold that a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt, the evidence is not so weak that the verdict
is clearly wrong and manifestly unjust, and the verdict is not against the great weight
and preponderance of the evidence. Accordingly, we overrule issue one.
Variance
          In issue two, appellant contends that there is a “fatal variance between the trial
testimony that appellant robbed [Garcia] by exhibiting a screwdriver, and the
indictment which alleged a knife.”
          As a general rule, a variance between the indictment and evidence at trial is
fatal to a conviction. Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995);
Reyes v. State, 3 S.W.3d 623, 625 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
This rule, however, applies only to a material variance, or one that misleads the
defendant to his prejudice. Id. 
          Having held that the evidence was legally and factually sufficient to support
the conviction, we overrule issue two.
Prosecutorial Misconduct
          In issue four, appellant asserts that the prosecutor erred when she injected her
personal opinion of the witness’s credibility and injected facts outside the evidence.
          Appellant complains of two instances where the State engaged in prosecutorial
misconduct. The first instance occurred during voir dire when the State attempted to
explain why the first officer on the scene would not be testifying. The State
commented as follows:
The evidence will show you that you will not hear from that police
officer though. He has pancreatic cancer and is literally on his death
bed, cannot come to court but the complainant, Mr. Guadalupe Garcia,
will testify that’s what he told that officer. 

Appellant did not object.
 
          The second instance occurred during closing argument when the State
commented as follows: 
So, . . . this victim, who, my opinion doesn’t look like he would be in
here lying . . to me . . . . [L]ook at the credibility of Mr. Garcia up there
on the stand. I know I could tell and I hope you could through his
demeanor that he was scared of [appellant]. 

Appellant did not object to either of these closing argument statements.
          “To preserve error in prosecutorial argument, a defendant must pursue to an
adverse ruling his objections to jury argument.” Archie v. State, 221 S.W.3d 695, 699
(Tex. Crim. App. 2007). The essential requirement is a timely, specific request that
the trial court refuses. Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). 
When a defendant receives the relief requested but has not requested a mistrial, the
error, if any, is waived. Gleffe v. State, 509 S.W.2d 323, 325 (Tex. Crim. App. 1974). 
Even if the error was such that it could not be cured by an instruction, the defendant
must object and request a mistrial to preserve the error. Mathis v. State, 67 S.W.3d
918, 927 (Tex. Crim. App. 2002). The same preservation rule applies to comments
made during voir dire. See Fuentes v. State, 991 S.W.2d 267, 276 (Tex. Crim. App.
1999); Blackwell v. State, 193 S.W.3d 1, 20 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d).
          Here, the record shows that appellant did not object, and thus did not obtain an
adverse ruling from the trial court on this issue. Because appellant did not obtain an
adverse ruling from the trial court, he has failed to preserve error, if any, on this issue. 
          We overrule issue four.
Ineffective Assistance of Counsel
          In issue three, appellant argues that his trial counsel was ineffective because
he (1) failed to explore appellant’s sanity and competency, (2) failed to call mitigating
witnesses, and (3) failed to call a psychiatric expert. In issue five, appellant contends
that the trial court erred by denying his motion for new trial. 
Standard of Review
          In order to prove an ineffective assistance of counsel claim, a defendant must
show that his counsel’s performance fell below an objective standard of
reasonableness and, but for his counsel’s unprofessional error, there is a reasonable
probability that the result of the proceedings would have been different. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Vasquez v. State,
830 S.W.2d 948, 949 (Tex. Crim. App. 1992). A reasonable probability is a
“probability sufficient to undermine confidence in the outcome.” Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel’s performance, we look to the
totality of the representation to determine the effectiveness of counsel, indulging a
strong presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).
          Trial counsel has the duty “‘to make reasonable investigations or to make a
reasonable decision that makes particular investigations unnecessary.’ ” McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (quoting Strickland, 466 U.S.
at 691, 104 S. Ct. at 2066). A trial counsel’s decision to not investigate “‘must be
directly assessed for reasonableness in all the circumstances, applying a heavy
measure of deference to [trial] counsel’s judgments.’” Id. (quoting Strickland, 466
U.S. at 691, 104 S. Ct. at 2066). When a defendant has given trial counsel “reason
to believe that pursuing certain investigations would be fruitless or even harmful,
[trial] counsel’s failure to pursue those investigations may not later be challenged as
unreasonable.” Strickland, 466 U.S. at 691, 104 S. Ct. at 2066; see Posey v. State,
763 S.W.2d 872, 877 (Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).
          Also, an appellate court will not find a trial counsel’s performance as
incompetent and unprofessional based on “speculation.” Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). In fact, when no evidence exists as to why
a trial counsel made a certain decision, “an appellate court ‘commonly will assume
a strategic motivation if any can possibly be imagined,’ and will not conclude the
challenged conduct constituted deficient performance unless the conduct was so
outrageous that no competent attorney would have engaged in it.” Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citation omitted) (quoting 3 Wayne R.
LaFave et al., Criminal Procedure § 11.10(c), at 717 (2d ed.1999)).
          Moreover, when a defendant complains that his trial counsel was ineffective
for failing to call a witness at trial, the defendant must make a preliminary showing
that the witness would have been available to testify at trial and that the witness’s
testimony would have been beneficial. Ex parte McFarland, 163 S.W.3d 743, 758
& n.48 (Tex. Crim. App. 2005). Likewise, when a defendant complains that his trial
counsel rendered ineffective assistance by failing to call an expert witness, the
defendant must first show that the expert would have testified in a manner beneficial
to him. See Cate v. State, 124 S.W.3d 922, 927 (Tex. App.—Amarillo 2004, pet.
ref’d); Teixeira v. State, 89 S.W.3d 190, 194 (Tex. App.—Texarkana 2002, pet.
ref’d). Also, before we may conclude that appellant’s trial counsel rendered
ineffective assistance in failing to object to certain evidence, appellant must show that
the trial court would have committed error in overruling the objection. Ex parte
White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).
          A trial court is given wide latitude in determining whether to grant or deny a
motion for new trial. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). We
review the trial court’s decision for an abuse of discretion. See Salazar v. State, 38
S .W.3d 141, 148 (Tex. Crim. App. 2001); Escobar v. State, 227 S.W.3d 123, 126
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d). We do not substitute our judgment
for that of the trial court; we decide only whether the trial court’s decision was
arbitrary or unreasonable. Escobar, 227 S.W.3d at 126. A trial court abuses its
discretion only when no reasonable view of the record could support the court’s
ruling. Id. The trial court is the sole judge of the credibility of the witnesses at the
hearing on the motion for new trial. Lewis, 911 S.W.2d at 7.
Sanity and Competency
          Appellant contends that his trial counsel was ineffective for failing to request
a motion for psychiatric examination to determine his competency and sanity, given
the medical evidence presented at the motion for new trial hearing. The evidence
allegedly shows “lengthy MHMRA care and treatment for schizophrenia, bipolar
disorder, depression and other mental illnesses, as well as a serious brain injury in
2002 in an automobile accident, which resulted in further mental illness.” Appellant
argues that “there is absolutely no plausible trial strategy to justify not having a
psychiatrist make a determination if Appellant was sane and competent given his
extensive psychiatric history, some of which was known by counsel.” He believes
he was “entitled to a lawyer who would at least investigate the mental health issues
and perhaps present punishment witnesses in that regard.”
          During the hearing on appellant’s motion for new trial, appellant’s trial counsel
testified that he met with appellant eight times before trial, and appellant was always
able to communicate about the facts of the case and possible defenses. He testified
that he never saw signs of mental incompetence or insanity. After learning that
appellant was bipolar, moderately depressed, had used marijuana and cocaine, had an
antisocial personality disorder, and had a brain injury, appellant’s trial counsel sent
out a letter of inquiry seeking advice. He received confidential information and
determined that appellant could not use mental incompetency or insanity as a defense. 
Trial counsel requested a 21-day evaluation after appellant’s mother told him about
appellant’s mental health issues. The record reflects that appellant’s trial counsel
considered appellant’s mental history, but his trial strategy rejected the mental health
trial tactic. 
Mitigating Witnesses
          Appellant asserts that his trial counsel was ineffective for failing to call
mitigating witnesses at punishment, “including friends and family members, who
would be extremely helpful regarding mitigation, especially in light of his brain injury
and mental illness” and for failing to call psychiatric expert witnesses at punishment
who may have been beneficial to his case.
          There was no evidence that the witnesses were available and willing to testify. 
See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) (while failing to
produce witnesses may be a basis for an ineffective assistance claim, appellant must
show that the witnesses were available and willing to testify). Appellant has not
shown that his counsel was ineffective.
Motion for New Trial
          Appellant contends that the trial court abused its discretion by denying his
motion for new trial, which alleged that his trial counsel was ineffective.
          Having held that appellant has failed to satisfy the Strickland test, we further
hold that the trial court did not abuse its discretion in denying appellant’s motion for
new trial. 
          We overrule issues three and five.
 
 
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).