Opinion issued November 22, 2006








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00162-CR




JOSE EDIS ESCOBAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from Criminal County Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 1260695




O P I N I O N
          We withdraw our opinion of October 12, 2006, and issue this opinion in its
stead. See Tex. R. App. P. 19.1 (Court of appeals retains plenary power for 60 days
after judgment issues). Our judgment of the same day remains unchanged.
          Appellant, Jose Edis Escobar, appeals the trial court’s judgment convicting him
of Class A misdemeanor assault. See Tex. Pen. Code Ann. § 22.01 (Vernon Supp.
2005). Appellant pleaded not guilty. A jury found him guilty, and the trial court
assessed punishment at 120 days in the Harris County Jail. In his sole issue on
appeal, appellant contends that the trial court erred by denying his motion for new
trial, which alleged that his trial counsel rendered ineffective assistance by failing to
properly inform him of his right to testify. We conclude that the trial court did not
abuse its discretion by denying appellant’s motion for new trial because appellant
failed to demonstrate that counsel’s performance was deficient. We therefore affirm.
BackgroundAppellant and complainant were co-workers at a Harris County apartment
complex. Complainant was a leasing consultant, and appellant was part of the
maintenance staff. In September 2004, while complainant was in an empty
apartment, appellant approached her, grabbed her, and tried to kiss her. Appellant
squeezed her arms hard enough to leave bruises. After telling appellant to stop,
complainant tried to escape the apartment, but appellant blocked her departure by
kneeling in front of her and kissing her midsection. With appellant on his knees,
complainant was able to push him aside, to escape through the front door.
          Appellant was charged with assaulting complainant. Appellant hired trial
counsel, who met with him five times prior to trial. A few days before the jury trial
began, appellant, appellant’s niece, and appellant’s sister had a meeting with
appellant’s trial attorney, who advised appellant not to testify. At this meeting,
appellant signed a document, provided by his attorney, that confirmed that appellant
did not wish to testify at his trial. The document signed by appellant, however, was
not produced as an exhibit, nor was it ever described in detail. 
          At the jury trial, the State called five witnesses, and appellant called three
witnesses. Appellant did not testify. After the jury convicted him, appellant filed a
motion for new trial claiming that his trial counsel provided ineffective assistance by
not properly informing appellant of his right to testify at the jury trial. 
          The trial court conducted an evidentiary hearing concerning the allegations in
the motion for new trial. Appellant stated that he did not testify at the jury trial
because he had already given his version of the events to his trial attorney. According
to appellant, his trial attorney advised him not to testify because (1) the translator
would not translate the words correctly, and (2) he might answer questions
prematurely, before the translation was complete, because of his ability to understand
some English. Appellant stated that his trial attorney “suggested that it was better for
me not to take the stand.” 
          Appellant testified that he believed that his signature on the document prepared
by his attorney precluded him from testifying at the jury trial. Appellant said that he
disagreed with the testimony elicited from the State’s witnesses, and wanted to testify,
but that he never informed his attorney during the trial that he wished to testify.
Appellant acknowledged that his attorney never told him that he could not testify, that
his attorney never told him he could not change his mind about his decision not to
testify, and that appellant’s attorney said that it was appellant’s decision whether to
testify. Appellant further stated that during trial, his attorney instructed him not to
shake his head to signal disagreement with the testifying witnesses. 
          Appellant’s niece testified that she heard appellant’s trial attorney advise
appellant that he shouldn’t testify at trial because of various difficulties that result
when translators are used at trial. Appellant’s niece also testified that she understood
that appellant had given up his right to testify at the jury trial when appellant signed
the document in counsel’s office.
          Contrary to the testimony presented by appellant and his niece, appellant’s trial
attorney testified that he did not call appellant as a witness at the jury trial because
appellant “didn’t want to testify.” The attorney explained, “We had numerous
discussions about him testifying because the incident happened between him and the
complaining witness and they were the only two that were in that room . . . [a]nd the
information Mr. Escobar gave me was very similar [to the complainant’s story] except
for a couple of things.” The attorney stated that he told appellant that the “decision
not to testify will remain open until the day of trial.” Further, according to the
attorney, after the State concluded its presentation of the evidence to the jury, the
attorney again asked appellant if he wanted to testify, and appellant twice said “No,”
despite the attorney’s advice that appellant was “the only one that can clarify some
of these things.” The attorney said that the prospect of using an interpreter to
translate appellant’s trial testimony was not a factor in appellant’s decision not to
testify. The attorney explained that his strategy was to show through witnesses other
than appellant that “it was all horseplay that was happening at the apartment
complex.” The trial court denied the motion for new trial.
Effectiveness of Counsel
          In his sole issue, appellant contends he is entitled to a new trial because his
attorney rendered ineffective assistance. We review the trial court’s denial of a
defendant’s motion for new trial under an abuse of discretion standard. Charles v.
State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). We do not substitute our
judgment for that of the trial court; we decide only whether the trial court’s decision
was arbitrary or unreasonable. Id. A trial court abuses its discretion only when no
reasonable view of the record could support the court’s ruling. Id.
          A criminal defendant has a fundamental constitutional right to testify in his
own defense. Johnson v. State, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). 
“[D]efense counsel shoulders the primary responsibility to inform the defendant of
his right to testify, including the fact that the ultimate decision belongs to the
defendant.” Johnson, 169 S.W.3d at 235. “Strickland provides the appropriate
framework for addressing an allegation that the defendant’s right to testify was denied
by defense counsel.” Id. at 225 (citing Strickland v. Washington, 466 U.S. 668, 104
S. Ct. 2052 (1984)). 
          Under Strickland, an ineffective assistance claim has two components:
appellant must show “that counsel’s performance was deficient, and that the
deficiency prejudiced the defense.” Ex parte Briggs, 187 S.W.3d 458, 466 (Tex.
Crim. App. 2005) (citing Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2529, 2527
(2003)). To show counsel’s deficiency, a defendant must demonstrate that counsel
performed “below an objective standard of reasonableness.” Id. To show prejudice,
“[t]he defendant must show that there is a reasonable probability that the outcome of
the proceeding would have been different had his attorney not precluded him from
testifying.” Johnson, 169 S.W.3d at 239. “A reasonable probability is a probability
sufficient to undermine confidence in the outcome.” Mallett v. State, 65 S.W.3d 59,
62–63 (Tex. Crim. App. 2001). “While the ultimate question of prejudice under
Strickland is to be reviewed de novo, the trial court should be afforded deference on
any underlying historical fact determinations.” Johnson, 169 S.W.3d at 239. For an
appeal based on ineffective assistance of counsel to succeed, an appellant must show
both deficiency and prejudice by a preponderance of the evidence. McFarland v
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
          Allegations of ineffectiveness of counsel must be firmly founded in the record. 
Mallett, 65 S.W.3d at 63. When, as here, the trial court makes no findings of fact
regarding the denial of a motion for new trial, we should “impute implicit factual
findings that support the trial judge’s ultimate ruling on that motion when such
implicit factual findings are both reasonable and supported in the record.” Johnson,
169 S.W.3d at 239. 
          The record shows that before and during trial, appellant was asked by his
attorney if he wished to testify at the trial, and appellant declined the opportunity. At
the meeting at appellant’s attorney’s office prior to trial, appellant documented in
writing that he did not wish to testify at the trial. After the trial began, appellant’s
attorney stated that he again asked appellant if he wished to testify, and advised
appellant that appellant was “the only one that can clarify this.” Appellant persisted
in his decision not to testify at the trial. The record further shows that prior to trial,
appellant’s attorney advised appellant that the decision whether to testify would
“remain open.” Stating that he knew that “it was my decision” whether to testify,
appellant acknowledged that his attorney told him that the ultimate decision whether
to testify belonged to appellant. 
          By repeatedly asking appellant if he wished to testify, appellant’s attorney
adequately informed appellant of his right to testify. See Johnson, 169 S.W.3d at 235. 
Additionally, the record shows that appellant understood that the ultimate decision
to testify belonged to him. See id. We conclude that appellant has failed to establish
that the trial court abused its discretion by finding that appellant did not show by a
preponderance of the evidence that counsel performed below an objective standard
of reasonableness. Appellant thus failed to meet the “deficiency” part of the
Strickland test. See Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. We hold that the
trial court did not err by denying appellant’s motion for new trial.
          We need not reach the question of whether appellant was prejudiced by not
testifying at trial. See McFarland, 928 S.W.2d at 500 (failure to meet any portion of
the Strickland test will defeat appeal based on ineffective assistance). We overrule
appellant’s sole issue on appeal.
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Publish. Tex. R. App. P. 47.2(b).