Opinion issued December 6, 2007 
 


 





          
          
          
          
 









In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01060-CR
____________

ADRIAN POLINA, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1064545
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Adrian Polina, guilty of the offense of burglary of a
habitation


 and, after finding true the allegation in one enhancement paragraph that
appellant had a prior conviction for the felony offense of burglary of a habitation,
assessed appellant’s punishment at confinement for twenty years. In his sole point
of error, appellant contends that he received ineffective assistance of counsel at trial.
          We affirm.
Factual and Procedural Background
          Emily Pozas, the complainant, testified that after receiving a telephone call
from her daughter at 4:00 p.m. on March 31, 2006, she went to her trailer home and
found that her bedroom door was “completely off” its hinges. Her bedroom had been
ransacked, and someone had taken some perfume, $900 in cash, a DVD player,
jewelry, and a five-gallon plastic water jar filled with “coins and money.” Pozas
explained that she always kept a little container with a spare gold-toned key on the
side of her trailer home and that the perpetrator had discarded this spare key in her
bedroom. When she checked the container outside, she found a different gold-toned
key in its place. She immediately thought that the different key belonged to appellant
because he had fathered two children with her daughter, Oralia Pozas. Thus, she went
to appellant’s nearby apartment and discovered that the key opened his apartment
door.
          Pasadena Police Department Detective M. Cooper testified that the key Emily
Pozas had found in her bedroom “had the number 54 engraved on it.” Blanca
Fuentes, manager of appellant’s apartment complex, testified that one week before
the burglary, she had checked out an extra key for appellant’s apartment to appellant. 
She confirmed to Cooper that the key left in the complainant’s bedroom after the
burglary was the “extra key for apartment 54,” appellant’s apartment.
          John Moore, the manager of the mobile home park where the complainant
resided, testified that on the day of the burglary, around lunch time, he saw appellant
and another man leaving the complainant’s trailer with a five-gallon water jug. He
could not tell what was inside the water jug. 
          Sisters Dina Lopez and Tina Sanchez, appellant’s friends, both testified that
appellant could not have burglarized the complainant’s trailer because appellant
stayed with them the night before the burglary and was at Lopez’s house until 4:30
p.m. on the day of the burglary.
          After the trial court signed its judgment and sentence, appellant filed a motion
for new trial, asserting that his trial counsel provided him with ineffective assistance. 
After hearing the evidence and arguments of counsel, the trial court denied the
motion.
 
Ineffective Assistance of Counsel
          In his sole point of error, appellant argues that the trial court abused its
discretion in denying his motion for new trial because his trial counsel “failed to
investigate and present evidence concerning an individual who [appellant] believed
to be the true perpetrator of the crime.” Appellant asserts that this individual had “a
key to [a]ppellant’s home” and was of “similar build.” Appellant argues that in order
to present “any viable defense,” “[a]ppellant had to explain the key’s presence” and 
“[t]he best way to do so was to show [a]ppellant did not have possession o[f] the key
on the day in question and that he had given the key to [this individual] to use while
he stayed with [a]ppellant.” Appellant also argues that his trial counsel was
ineffective because he “failed to abide by [appellant’s] request to testify in his own
behalf.” 
          At the hearing on his motion for new trial, appellant testified that he told his
trial counsel that Eduardo Deleon, nicknamed “Lalo,” committed the offense. 
Appellant explained that Lalo was staying with him, so he gave him “a plain gold
key” to his apartment. Appellant obtained a replacement key from the apartment
manager with the “number 54 on it” and kept it for his personal use. Had he testified,
appellant “would have explained to the [j]ury how Lalo got a key to [his] apartment
[and] that the key [f]ound had to be [Lalo’s] key.” Appellant would have further
testified that, two days before the burglary, Lalo had asked appellant for money
because Lalo’s underage girlfriend’s parents had called the police. Appellant refused
to give Lalo money, never saw Lalo again, and Lalo did not return the key to
appellant. Appellant also told his trial counsel that he “wanted to take [his] chances”
on testifying after his trial counsel explained that he did not want appellant “to
undergo cross-examination.” 
          Appellant’s brother, Victor Polina II, testified that he would have stated that
Lalo was staying with appellant and that he had seen Lalo use the key to appellant’s
apartment. He would have explained that appellant and Lalo are “both of similar
build,” “same style of haircut,” and “[i]f you did not know them[,] you would mistake
one for the other.” 
          Appellant’s father, Victor Polina Sr., testified that he would have stated that
Lalo had a key to appellant’s apartment and that appellant and Lalo are of “similar
build” and “look alike.” He also noted that Lalo’s girlfriend was “pregnant” and “her
parents had pressed charges against him.” 
          Appellant’s trial counsel, Frank Alvarez, provided the trial court with a tape
recorded statement, in which he stated that he informed appellant of his right to
testify and that appellant abided by his suggestion that he not testify. Alvarez did not
want appellant to testify because a witness had actually seen appellant leaving the
complainant’s house with “a big water bottle of money” and he feared that the State
would “tear [appellant] up.” Alvarez felt it better to leave the testimony to appellant’s
two alibi witnesses because they were more credible. During the tape recorded
statement, Alvarez was not questioned about appellant’s assertion that Alvarez failed
to adequately investigate the case.
          In order to prove an ineffective assistance of counsel claim, a defendant must
show that (1) his counsel’s performance fell below an objective standard of
reasonableness, and (2) but for his counsel’s unprofessional error, there is a
reasonable probability that the result of the proceedings would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Vasquez
v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992). A reasonable probability is
a “probability sufficient to undermine confidence in the outcome.” Strickland, 466
U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel’s performance, we look to the
totality of the representation to determine the effectiveness of counsel, indulging a
strong presumption that his performance falls within the wide range of reasonable
professional assistance or trial strategy. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). 
          Generally, we review a trial court’s denial of a motion for a new trial under an
abuse of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001). However, the Supreme Court has explicitly held that “both the performance
and prejudice components of the ineffectiveness inquiry are mixed questions of law
and fact.” Strickland, 466 U.S. at 698, 104 S. Ct. at 2070; see also Williams v.
Taylor, 529 U.S. 362, 419, 120 S. Ct. 1495, 1526 (2000) (“While the determination
of ‘prejudice’ in the legal sense may be a question of law, the subsidiary inquiries are
heavily factbound.”). Thus, although we generally review the trial court’s decision
to grant or deny a motion for new trial for an abuse of discretion, we are not bound
by a trial court’s conclusion regarding the effectiveness of counsel. See Strickland,
466 U.S. at 698, 104 S. Ct. at 2070; Johnson v. State, 169 S.W.3d 223, 239 (Tex.
Crim. App. 2005). Accordingly, “where the trial court ‘is not in an appreciably better
position’ than the appellate court to decide the issue, the appellate court may
independently determine the issue while affording deference to the trial court’s
findings on subsidiary factual questions.” Villareal v. State, 935 S.W.2d 134, 139
(Tex. Crim. App. 1996) (McCormick, P.J., concurring) (citing Miller v. Fenton, 474
U.S. 104, 110–17, 106 S. Ct. 445, 450–53 (1985)); see Kober v. State, 988 S.W.2d
230, 233 (Tex. Crim. App. 1999). Yet, the trial court remains in the “best position
to evaluate the credibility of the witnesses and resolve such conflicts.” Kober, 988
S.W.2d at 233; see Strickland, 466 U.S. at 698, 104 S. Ct. at 2070. The trial court can
choose to believe or disbelieve all or any part of the witnesses’ testimony. See
Johnson, 169 S.W.3d at 239–40; Kober, 988 S.W.2d at 233. 
          Appellant first contends that his trial counsel failed to adequately investigate
his case. Trial counsel has the duty “‘to make reasonable investigations or to make
a reasonable decision that makes particular investigations unnecessary.’” McFarland
v. State, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996) (quoting Strickland, 466 U.S.
at 691, 104 S. Ct. at 2066). A trial counsel’s decision to not investigate “‘must be
directly assessed for reasonableness in all the circumstances, applying a heavy
measure of deference to counsel’s judgements.’” Id. (quoting Strickland, 466 U.S.
at 691, 104 S. Ct. at 2066). A conviction will not be reversed unless the consequence
of the trial counsel’s failure to investigate is that the only viable defense to the
accused is not advanced. Id. However, an appellate court will not find a trial
counsel’s performance as incompetent and unprofessional based on “speculation.” 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In fact, when no
evidence exists as to why a trial counsel made a certain decision, “an appellate court
‘commonly will assume a strategic motivation if any can possibly be imagined,’ and
will not conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.” 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citation omitted)
(quoting 3 Wayne R. LaFave et. al., Criminal Procedure § 11.10(c), at 717 (2d
ed. 1999)). 
          Here, the record is silent as to why appellant’s trial counsel did not seek to
present evidence that Lalo was the true perpetrator of the crime. Therefore, we
cannot ascertain why trial counsel did not present evidence that Lalo, instead of
appellant, committed the offense. See Mallett v. State, 65 S.W.3d 59, 68 (Tex. Crim.
App. 2001) (concluding that trial counsel was not ineffective when “the record
provided no explanation for the motivation behind counsel’s decisions”). The fact
that trial counsel called Lopez and Sanchez to testify as alibi witnesses, however,
demonstrates that trial counsel did not preclude appellant from presenting a viable
defense, i.e., that appellant was not the perpetrator of the offense. See Mallet v. State,
9 S.W.3d 856, 866 (Tex. App.—Fort Worth 2000, no pet.) (holding that trial
counsel’s failure to “call potentially beneficial witnesses” did not prevent defendant
from advancing his defense that “he did not commit the offense”). Moreover, trial
counsel may have had a “strategic motivation” for not presenting evidence that Lalo
was the true perpetrator of the offense. See Garcia, 57 S.W.3d at 440. Counsel may
have believed that, because one eyewitness testified that he saw appellant and another
unidentified man leaving the scene of the offense, presenting evidence that Lalo
committed the offense may have caused the jury to conclude that appellant and Lalo
committed the offense together. This may also have diminished the credibility of the
testimony from appellant’s two alibi witnesses. See Moreno v. State, 1 S.W.3d 846,
865 (Tex. App.—Corpus Christi 1999, pet. ref’d) (noting that because defendant
“presented no evidence of trial counsel’s reasoning to rebut the presumption that it
was sound trial strategy not to call the ‘new’ witnesses,” trial counsel likely thought
witnesses were not “material or credible”). To find that appellant’s trial counsel
rendered ineffective assistance of counsel on appellant’s asserted grounds would
require speculation. See Jackson, 877 S.W.2d at 771. Accordingly, we hold that
appellant has not shown how his trial counsel’s failure to “investigate and present
evidence” that Lalo was the true perpetrator of the offense fell below an objective
standard of reasonableness. 
          Appellant next contends that his trial counsel was ineffective because his
counsel did not abide by his request to testify on his own behalf during the guilt phase
of trial. An accused has a fundamental constitutional right to testify in his defense. 
Escobar v. State, 227 S.W.3d 123, 126 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d). Trial counsel “‘shoulders the primary responsibility to inform the defendant
of his right to testify, including the fact that the ultimate decision belongs to the
defendant.’” Id. (quoting Johnson v. State, 169 S.W.3d 223, 232 (Tex. Crim. App.
2005)). An allegation that trial counsel denied a defendant’s right to testify is
addressed as an ineffective assistance of counsel claim. Id. at 127.
          Here, appellant’s trial counsel stated that he informed appellant of his right to
testify, but he recommended that appellant not testify as he thought it prudent to rely
on the testimony of appellant’s two alibi witnesses because they were more credible. 
Appellant’s trial counsel further stated that he believed the State would “tear
[appellant] up” due to the fact that an eyewitness had seen appellant leaving the scene
of the offense carrying a large water bottle. In light of the eyewitness’s testimony,
which would have impeached any potential testimony of appellant that he was not the
perpetrator, trial counsel’s strategy has a plausible basis. Accordingly, to the extent
that appellant complains that his counsel was ineffective for recommending that
appellant not testify at trial, we hold that appellant has not shown how his attorney’s
recommendation fell below an objective standard of reasonableness. Garcia, 57
S.W.3d at 440 (upholding trial counsel’s decision if any “strategic motivation”
exists); Lucious v. State, 828 S.W.2d 118, 123 (Tex. App.—Houston [14th Dist.]
1992, no pet.) (holding that trial counsel’s strategy to keep defendant from testifying
in robbery case had plausible basis in light of defendant’s criminal record). Also,
appellant’s and his trial counsel’s conflicting testimony about whether appellant’s
trial counsel ever informed appellant of his right to testify, created a factual issue for
the trial court to determine. Kober, 988 S.W.2d at 233 (noting that affidavit is
question of historical fact to be determined by trial court); see Johnson, 169 S.W.3d
at 239–40. The trial court obviously decided not to believe appellant. Thus, we hold
that appellant has not shown that his trial counsel denied him his fundamental right
to testify. 
          Accordingly, we further hold that appellant has not satisfied Strickland’s first
prong.
          We overrule appellant’s sole point of error.
Conclusion

          We affirm the judgment of the trial court.


 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).