Opinion issued July 3, 2008










     









In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00769-CR
          01-07-01028-CR




CHRISTOPHER CARDELL CEASAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1098088




MEMORANDUM OPINION
          The appellant, Christopher Cardell Ceasar, appeals from the trial court’s
judgment convicting him for the offense of aggravated robbery. See Tex. Penal
Code Ann. § 29.03 (Vernon 2003). The trial court assessed punishment at twenty-five years in prison after appellant pleaded guilty pursuant to a plea bargain with the
State in which the punishment range was capped at thirty-five years. Appellant
contends in a single issue on appeal that the trial court erred by denying his motion
for new trial because the evidence showed that (1) he was mentally incompetent at
the time of his plea and (2) he did not receive effective assistance of counsel. We
conclude that the trial court did not abuse its discretion by denying appellant’s motion
for new trial. Therefore, we affirm the trial court’s judgment. 
Background
          On December 22, 2006, appellant went to a used car lot, requesting to test drive
a car. On the way to the car, appellant asked the salesman if the lot gave discounts
to police officers, while raising his shirt and displaying a gold badge and a pistol on
his waist band. The salesman turned on the car and started getting out to let appellant
into the driver’s side. Appellant then pulled out the pistol, pressed it to the
salesman’s side and told him to stay quiet and not call the police. Appellant drove
away in the car. 
          Three days later, at a fast food restaurant, appellant approached a customer,
stated that he was a police officer, displayed a badge, and advised the customer to
step outside. Once outside, appellant took the keys from the customer. Appellant
fled the scene in the customer’s car. Later that same day, appellant and the
customer’s car were taken into custody. 
          On January 25, 2007, before appellant’s indictment, the trial court ordered a
medical review prompted by appellant’s disclosure to his trial attorney that he was
prescribed mood stabilizing medication prior to being arrested. Appellant was seen
in the jail’s general clinic for diabetes and referred to the Mental Health Mental
Retardation Authority of Harris County (MHMRA), but was not given a psychiatric
evaluation. 
          After he was indicted for aggravated robbery, appellant pleaded guilty pursuant
to a plea bargain with the State in which the punishment range was capped at thirty-five years. The trial judge accepted the plea, ordered a pre-sentence investigation
(PSI), and withheld sentencing until its completion. The trial court admonished
appellant regarding the range of punishment and appellant’s right to a jury trial. In
response to the court’s questioning, appellant stated that he understood these issues. 
Appellant affirmed that no one had promised him anything to cause him to enter the
plea. Moreover, appellant confirmed that he had read and signed the plea papers in
the case which, among other things, stated that he was satisfied with his counsel’s
representation, was mentally competent, and knew what he was doing by entering a
plea. 
          Also during the plea proceeding, appellant stated that he had Bipolar Disorder
and was taking medication for the disorder. The trial court ordered a Psychiatric and
Medical Review, which resulted in appellant starting medication on June 19, 2007 for
Attention Deficit Hyperactivity Disorder (ADHD) and Bipolar Disorder. On June 20,
2007, the trial court ordered a competency evaluation and appellant was found
competent to stand trial. In the evaluation, appellant articulated that he decided not
to take his case to trial because “if [he was] found guilty, [he] could get from five to
ninety-nine years in prison.” 
          At the sentencing hearing on August 16, 2007, the trial court found appellant
guilty and assessed punishment at twenty-five years in the Institutional Division of
the Texas Department of Justice. Appellant filed a motion for new trial, asserting that
he was incompetent at the time of his plea and did not receive effective assistance of
counsel. Appellant’s motion was supported by medical records and an affidavit from
his psychiatrist stating that several months before appellant’s arrest, the psychiatrist
diagnosed appellant with Bipolar Disorder and Post Traumatic Stress Disorder and
prescribed appellant medication. Appellant also offered an affidavit, stating that he
was not on the proper medication at the time of his plea and thought that he would
receive probation. The affidavit from the appellant’s psychiatrist states that
individuals with Bipolar Disorder “often will not admit to others that they do not
understand, will attempt to appear as if nothing is wrong and respond in the manner
in which they believe the other person expects.”
          In response, the State offered an affidavit from appellant’s trial counsel stating
that appellant was able to communicate clearly and that he asked relevant questions
at the time of the plea. The trial court conducted an evidentiary hearing concerning
the allegations in the motion for new trial. At the hearing, the trial court considered
the court’s file, the submitted exhibits, and the arguments of counsel. The trial court
denied the motion for new trial and certified that appellant’s case was a plea bargain
case, but gave appellant permission to appeal the denial of the motion for new trial. 
Dismissal of Duplicate Appeal
          Appellant filed a pro se notice of appeal and was assigned appellate cause
number 01-07-00769-CR. The trial court appointed appellate counsel to represent
appellant on appeal. Appellate counsel filed a motion for new trial, which was heard
by the trial court and denied. The trial court certified appellant’s case as a plea-bargain case, but gave appellant permission to appeal the denial of the motion for new
trial. Appellate counsel filed a notice of appeal and was assigned appellate cause
number 01-07-01028-CR. Both appellate cause numbers arise from trial cause
number 1098088. Appellant and the State filed briefs under appellate cause number
01-07-00769-CR. No briefs were filed under appellate cause number 01-07-01028-CR. We conclude that appellate cause number 01-07-01028-CR is a duplicate appeal
of trial cause number 1098088. For this reason, appellate cause number 01-07-01028-CR is dismissed.Denial of Motion for New Trial
          Appellant contends in a single issue that the trial court erred by denying his
motion for new trial. Specifically, appellant asserts that he was incompetent at the
time of his plea and he did not receive effective assistance of counsel. 
A. Standard of Review
          A trial court’s ruling denying a defendant’s motion for new trial is reviewed
under an abuse of discretion standard. Charles v. State, 146 S.W.3d 204, 208 (Tex.
Crim. App. 2004); Escobar v. State, 227 S.W.3d 123, 126 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d). We do not substitute our judgment for that of the trial court;
we decide only whether the trial court’s decision was arbitrary or unreasonable. 
Charles, 146 S.W.3d at 208. “A trial court abuses its discretion in denying a motion
for new trial only when no reasonable view of the record could support the trial
court’s ruling.” Id.
B. Mental Incompetence
          To support his contention that the trial court erred by denying his motion for
new trial, appellant asserts that he was incompetent at the time of his plea because (1)
he was “not receiving his psychiatric medication” and (2) he “was not evaluated for
mental illness and medicated until after the plea was taken.” A plea of guilty should
not be accepted by the trial court unless the defendant appears mentally competent
and enters the plea voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon
1989 & Supp. 2007). A person is incompetent to stand trial if he does not have
sufficient present ability to consult with his lawyer “with a reasonable degree of
rational understanding, or a rational, as well as factual, understanding of the
proceeding” against him. Id. art. 46B.003(a) (Vernon 2006). A person is presumed
competent to stand trial and shall be found competent to stand trial unless proved
incompetent by a preponderance of the evidence. Id. art. 46B.003(b).
          A defendant may challenge his competency to stand trial in a motion for new
trial on a plea of guilty. Godoy v. State, 122 S.W.3d 315, 320 (Tex. App.—Houston
[1st. Dist.] 2003, pet. ref’d); Edwards v. State, 993 S.W.2d 171, 175 (Tex. App.—El
Paso 1999, pet. ref'd). When the competency issue is raised in this manner, the trial
court does not look to see whether the evidence raises a bona fide doubt as to
competence, but applies the normal standard used in deciding a motion for new trial
under which the trial court considers all the evidence presented, judges the credibility
of witnesses, and resolves conflicts in the evidence. Godoy, 122 S.W.3d at 320;
Edwards, 993 S.W.2d at 176. 
          At the hearing on his motion for new trial, appellant presented evidence to
support his contention that he was not competent at the time of his plea. Medical
records and an affidavit from appellant’s psychiatrist state that several months before
appellant’s arrest, the psychiatrist diagnosed appellant with Bipolar Disorder and Post
Traumatic Stress Disorder and prescribed appellant medication. In his affidavit,
appellant states that he was not on the proper medication at the time of his plea and
thought that he would receive probation. The affidavit from the appellant’s
psychiatrist states that individuals with Bipolar Disorder “often will not admit to
others that they do not understand, will attempt to appear as if nothing is wrong and
respond in the manner in which they believe the other person expects.”
          The State contends that the record supports appellant’s competency at the time
of his plea. An affidavit from appellant’s trial counsel states that appellant was able
to communicate clearly and that he asked relevant questions at the time of the plea. 
The record contains written and oral admonishments supporting that the guilty plea
was made voluntarily and knowingly by the appellant. Appellant sent a letter to the
trial judge two days after the plea proceeding that argued for leniency in his case. 
The appellant supplied detailed information for the PSI report, which was completed
before he was placed back on medication for Bipolar Disorder. 
          We conclude that the trial court did not abuse its discretion in finding that the
affidavits and medical records were insufficient to defeat the presumption that
appellant was competent at the time of his plea. The trial court was entitled to
balance the evidence in the affidavits against the record from appellant’s plea
proceeding, including the trial court’s own observations of appellant at the time of the
plea. Godoy, 122 S.W.3d at 321; see Kuyava v. State, 538 S.W.2d 627, 628 (Tex.
Crim. App. 1976); see also Edwards, 993 S.W.2d at 176. We hold that the trial court
did not abuse its discretion when it denied appellant’s motion for new trial. Purchase
v. State, 84 S.W.3d 696, 700 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); see
Lewis v. State, 911 S.W.2d 1, 7–9 (Tex. Crim. App. 1995).
C. Ineffective Assistance of Counsel
          In further support of his contention that the trial court erred by denying his
motion for new trial, appellant asserts that he did not receive effective assistance of
counsel because his trial counsel did not properly inform him about the proceedings
and “counsel allowed appellant to enter a plea while unmedicated when counsel was
aware of appellant’s mental illness.” To successfully challenge the voluntariness of
a guilty plea based on ineffective assistance of counsel, we must determine “(1)
whether counsel’s advice was within the range of competence demanded of attorneys
in criminal cases and if not, (2) whether there is a reasonable probability that, but for
counsel’s errors, [appellant] would not have pleaded guilty and would have insisted
on going to trial.” Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)
(citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) and Strickland
v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984)); see Ex parte
Moody, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). Judicial review of an
ineffective assistance of counsel claim must be highly deferential to trial counsel. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). There is a strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. 
          The affidavits of appellant and his trial counsel are in conflict. In his affidavit
in support of his motion for new trial, appellant alleges that “[his] attorney promised
[him] if [he] pled to a PSI [he] would receive ten years deferred adjudication from the
judge.” He also alleges that his attorney did not prepare him for cross-examination
or allow him to read the PSI report. In his affidavit, the trial counsel states that he
fully advised appellant of the range of punishment in his case. The trial counsel also
claims that he advised appellant of the procedures of a PSI hearing.
          The trial court, as the sole judge of the credibility of the witnesses, was free to
disbelieve the assertions made by appellant that formed the basis of his claim of
ineffective assistance of counsel. Acosta v. State, 160 S.W.3d 204, 210–11 (Tex.
App.—Fort Worth 2005, no pet.). Additionally, the record confirms that appellant
was fully admonished orally and in writing when he entered his guilty plea, and he
indicated that he understood the range of punishment. Appellant was asked if he had
gone over the papers marked State’s Exhibit Number One with his attorney and
appellant answered in the affirmative. State’s Exhibit Number One includes the PSI
report, plea papers, and admonishments. Appellant was also informed by the trial
court that the State would present testimony against him at the PSI hearing. We
conclude that appellant’s affidavit testimony was contradicted by his testimony at his
plea hearing. Furthermore, a defendant’s uncorroborated testimony that he was
misinformed by counsel, without more, is not sufficient to show that his plea was
involuntary. Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d). 
          Appellant also contends that trial counsel rendered ineffective assistance by
allowing appellant to plead guilty while unmedicated. In his affidavit, the trial
counsel states that he was fully aware of appellant’s mental health background, but
did not determine that competency or sanity were at issue in the case because
appellant was able to communicate with him clearly. The record reflects that
appellant signed written admonishments indicating he was competent and testified
at the plea proceeding that he had discussed his case with counsel and understood
counsel’s advice, the waivers and admonitions, and the significance and
consequences of his plea. The trial court could have reasonably determined that
appellant’s trial counsel was not ineffective by not pursuing the issue of competency
because appellant had the ability to consult with him and appellant understood the
proceedings against him. 
          Even if trial counsel had been deficient, appellant must show a reasonable
probability that, but for his attorney’s deficient performance, he would not have
pleaded guilty. Hill, 474 U.S. at 59, 106 S. Ct. at 370; Ex parte Morrow, 952 S.W.2d
at 536. Appellant makes no such showing. The record does not show that appellant
ever entered a request to withdraw his plea although he was taking medication for
Bipolar Disorder approximately four months before sentencing. In his competency
evaluation, appellant states that he decided not to take his case to trial because if he
was found guilty, he would face a maximum of ninety-nine years. This statement was
made after appellant was on medication and shows that he had considered the
consequences of his plea. 
          Based on our review of the record, we conclude that the trial court did not
abuse its discretion by determining that appellant failed to overcome the strong
presumption that his trial counsel provided adequate assistance and that his plea was
voluntarily entered. Therefore, we hold that the trial court did not abuse its discretion
when it denied appellant’s motion for new trial. 
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.



                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. See Tex. R. App. P 47.2(b).