**Opinion issued March 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00521-CR

_____

**AGHAEGBUNA ODELUGO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1249652**

---

## MEMORANDUM OPINION ON REMAND

Appellant, Aghaegbuna Odelugo, without an agreed punishment recommendation from the State, pleaded guilty to the offense of engaging in

organized criminal activity, namely, aggregate theft of over $200,000,[1] and the trial court assessed his punishment at confinement for eighteen years. On appeal, appellant contended that he received ineffective assistance of trial counsel, he entered his guilty plea involuntarily, and the trial court erred in denying his motion for new trial. We held that the trial court erred in denying appellant's new-trial motion on the ground that his trial counsel had a conflict of interest, and we reversed and remanded the case for a new trial. *See Odelugo v. State*, 410 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2013), *rev'd*, 443 S.W.3d 131, 141–42 (Tex. Crim. App. 2014).

The State subsequently filed a petition for discretionary review with the Texas Court of Criminal Appeals challenging our holding. The court held that "[t]he trial court did not abuse its discretion 'in denying appellant's new-trial motion on the ground that his trial counsel had a conflict of interest,'" and it reversed and remanded the case to this Court to consider his remaining issues. *See Odelugo*, 443 S.W.3d at 141–42.

On remand, we affirm.

## Background

A Harris County Grand Jury issued a true bill of indictment, accusing appellant of committing the offense of engaging in organized criminal activity.

---

[1]   *See* TEX. PENAL CODE ANN. § 71.02(a)(1) (Vernon Supp. 2014).

Appellant pleaded guilty to the offense and stipulated to conspiring with Kodigbo Odelugo and Chukwuma Odelugo to appropriate over $200,000 owned by Sharon Thompson, Mark Porter, the Texas Health and Human Services Commission, and The Centers for Medicare and Medicaid Services.

In connection with his plea, appellant signed written admonishments that stated, "If you are not a United States citizen, pleading guilty or no contest to a criminal charge may result in removal, denial of naturalization or exclusion from admission into this country." Appellant's trial counsel, Erik Sunde, also signed the plea papers, affirming that he believed that appellant executed his plea knowingly, voluntarily, and after a full discussion of the consequences of his plea. During the plea proceedings, and before the trial court accepted appellant's plea, appellant stated that Sunde had "go[ne] through" all of the plea papers with him. And Sunde told the trial court that he had spoken with appellant, appellant was "competent to stand trial and underst[ood] the nature and consequences of his plea," and "signed th[e] paperwork freely and voluntarily."

Before the trial court concluded the subsequently-held sentencing hearing, however, appellant, a non-citizen, filed a motion to withdraw his guilty plea, arguing that he entered his plea involuntarily because his counsel did not apprise

him of the mandatory immigration consequences of his plea.[2]  At the hearing on

his motion to withdraw his plea, appellant did not testify or offer any evidence, but

Sunde told the trial court,

> I have previously represented to the Court that I read the admonishment to him but we had no further discussions beyond that at that time.  We subsequently had discussions but not at that time.  Our discussions focused more on the Federal case that was pending. . . .
>
> I would also suggest that as a legal proposition his testimony is not necessary to assess legally whether or not the old admonishment that this Court read to him, that I read to him is legally sufficient under *Padilla*.  So we would not call any witnesses, Your Honor.

The trial court denied appellant's motion to withdraw his guilty plea, and later,

after it had concluded appellant's sentencing hearing, assessed his punishment at

confinement for eighteen years.

In his new-trial motion, appellant argued that his trial counsel provided him

ineffective assistance because he did not advise appellant of "the certain

---

[2]  *See Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010).  We note that since rendering its decision in *Padilla*, the United States Supreme Court has held that its holding does not extend retroactively to "defendants whose convictions became final prior to *Padilla*."  *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).  And the Texas Court of Criminal Appeals has agreed.  *See Ex Parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).  Here, although appellant initially pleaded guilty on February 1, 2010, almost two months before the Supreme Court's ruling in *Padilla*, the trial court had not concluded its sentencing of appellant at the time of the Supreme Court's decision.  The trial court ultimately sentenced appellant on March 5, 2012, and the State does not argue that *Padilla* does not apply to appellant's conviction.

immigration consequences of his guilty plea."[3]  Appellant attached to his motion

his affidavit, in which he testified,

> . . . I was charged with the felony offense of engaging in organized criminal activity arising from fraudulent charges to medicare and medicaid. . . . In conjunction with [this case], I retained Erik Sunde as my attorney . . . . I requested that Mr. Sunde negotiate a plea agreement . . . which would not result in any term of imprisonment.  I was also concerned about my immigration status.
>
> [Sunde] eventually informed me that if I plead guilty and paid $600,000 in restitution I would receive deferred adjudication on the state case. . . . On February 1, 2010, I entered a plea of guilty to the first degree felony charge.
>
> . . .
>
> At a meeting in the winter of 2012 at Mr. Sunde's office, the Assistant United States Attorney (AUSA) informed me that I needed to pay $2,000,000 in restitution at least ten days prior to January 15, 2012 – my final sentencing date in federal court.  The AUSA further informed me that if the money was paid[,] the Government would recommend a significant reduction in my federal sentence.  I asked how much and I expressed concerns about my immigration status.

At the hearing on his new-trial motion, the trial court took judicial notice

that it had held a prior evidentiary hearing on appellant's motion to withdraw his

guilty plea and had denied the motion.  Appellant then testified that he hired Sunde

to represent him in the case, he was "concerned about [his] immigration status,"

and, in January 2010, prior to entering his plea, he and Sunde "discuss[ed] . . . [his]

---

[3]  Appellant also argued that he had received ineffective assistance of trial counsel because Sunde "had an actual conflict of interest"; however, the court of criminal appeals has reversed our holding on this issue.  *See Odelugo v. State*, 443 S.W.3d 131, 141–42 (Tex. Crim. App. 2014).

pleading guilty to the State's charges." However, appellant "d[id] not discuss [his] immigration with Mr. Sunde," and Sunde "did not tell [him what] the [immigration] consequences were." Notably though, appellant also explained that he was not at the new-trial hearing "to say that [he was] innocent," he had "accepted responsibility" for his actions, and was not "seeking a new trial." And he specifically stated, "I don't want a trial." Instead, he only wanted a "chance" to pay restitution.

The trial court denied appellant's motion.

## Standard of Review

To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or

6

trial strategy.  *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).  Appellant has the burden of establishing both *Strickland* prongs by a preponderance of the evidence.  *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."  *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

Appellant presented his ineffective-assistance claim to the trial court in a motion for new trial and received a hearing on his motion.  We, therefore, analyze his issue under an abuse of discretion standard as a challenge to the denial of his motion.  *Biagas v. State*, 177 S.W.3d 161, 170 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).  We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it is within the zone of reasonable disagreement.  *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of the trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable.  *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Biagas*, 177 S.W.3d at 170.  If there are two permissible views of the evidence, the trial court's choice between them cannot be held to be clearly erroneous.  *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012).  A trial court abuses its discretion in denying a motion for

new trial only when no reasonable view of the record could support the trial court's ruling. *Webb*, 232 S.W.3d at 112.

We note that trial courts are in the best position to "evaluate the credibility" of witnesses and resolve conflicts in evidence. *See Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999). And a trial court may choose to believe or disbelieve all or any part of the witnesses' testimony. *See id.* at 234.

When, as here, the trial court makes no findings of fact regarding the denial of a motion for new trial, we should "impute implicit factual findings that support the trial judge's ultimate ruling on that motion when such implicit factual findings are both reasonable and supported in the record." *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005); *Escobar v. State*, 227 S.W.3d 123, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

## Ineffective Assistance of Counsel

In his third and fourth issues, appellant argues that the trial court erred in denying his motion for new trial because his trial counsel was ineffective in not advising him of the immigration consequences of his guilty plea, thereby rendering his plea involuntary.

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." *Padilla v. Kentucky*, 559 U.S. 356, 364, 130 S. Ct. 1473, 1480–81 (2010); *see also Ex parte Reedy*, 282 S.W.3d 492,

8

500 (Tex. Crim. App. 2009) ("There is no doubt that an accused has a Sixth Amendment right to the effective assistance of counsel in guilty plea proceedings."). To provide effective assistance during plea proceedings, "counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independent investigation of the facts of the case." *Ex parte Reedy*, 282 S.W.3d at 500.

When a defendant challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends first on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). Plea counsel's performance is deficient if counsel fails to advise a noncitizen defendant about deportation consequences that are "truly clear." *See Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483; *Aguilar v. State*, 375 S.W.3d 518, 524 (Tex. App.—Houston [14th Dist.] 2012), *vacated on other grounds*, 393 S.W.3d 787 (Tex. Crim. App. 2013). Thus, plea counsel is deficient if counsel merely mentions the possibility of deportation when the relevant immigration provisions are presumptively mandatory. *See Aguilar*, 375 S.W.3d at 524. However, when the law is not clear, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk

9

of adverse immigration consequences." *Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483.

To establish prejudice in the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *see also Ex parte Moussazadeh*, 361 S.W.3d 684, 690–91 (Tex. Crim. App. 2012) ("On a claim of involuntary plea, the standard for the analysis of harm under the *Strickland* protocol as expressed in these cases may be stated generally as 'but for the erroneous advice of counsel, the applicant would not have plead[ed] guilty.'" (quoting *Ex parte Harrington*, 310 S.W.3d at 458)). "In the *Padilla* context, when the prejudice prong of the *Strickland* test is dispositive, we need address only that prong on appeal." *Ex parte Obi*, 446 S.W.3d 590, 596 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (internal quotations omitted). In other words, "[i]t is not necessary to determine whether trial counsel's representation was deficient if appellant cannot satisfy the second *Strickland* prong." *Id.* (internal quotations omitted). "We make the prejudice inquiry on a case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure." *Id.*

Here, appellant has presented no evidence that, but for his trial counsel's deficient performance, he would not have pleaded guilty, but instead would have

insisted on proceeding to trial. Instead, at the new-trial hearing, appellant specifically testified, "I don't want a trial" and that he was not "seeking a new trial." Further, appellant explained that he was not "innocent" of the offense and only wanted an opportunity to pay restitution.[4]

Without evidence in the record that appellant would have insisted on proceeding to trial, appellant cannot establish the second prong of *Strickland*. *See Johnson*, 169 S.W.3d at 232 ("'If the defendant cannot demonstrate that, but for his counsel's deficient performance, he would have [availed himself of trial], counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 1038 (2000))); *see, e.g.*, *Kliebert v. State*, Nos. 01-12-00757-CR, 01-12-00758-CR, 01-12-00759-CR, 01-12-00760-CR, 2013 WL 3811491, at *3 (Tex. App.—Houston [1st Dist.] July 18, 2013, pet. ref'd) (mem. op., not designated for publication) (holding defendant failed to establish prejudice where he "presented no evidence, either by testimony or affidavit, that, but for counsel's alleged deficiency, he would not have pleaded guilty"); *Jackson v. State*, 139 S.W.3d 7, 21

---

[4] Although appellant's affidavit attached to his new-trial motion is not evidence, we note that appellant, in the attached affidavit, likewise does not assert that he would not have pleaded guilty and proceeded to trial if Sunde had explained the immigration consequences of his guilty plea. *See Jackson v. State*, 139 S.W.3d 7, 20–21 (Tex. App.—Fort Worth 2004, pet. ref'd) ("An affidavit attached to the motion [for new trial], however, is merely 'a pleading that authorizes the introduction of supporting evidence' and is not evidence itself.").

(Tex. App.—Fort Worth 2004, pet. ref'd) ("[W]e hold that [defendant] has failed to show prejudice . . . because she did not offer any evidence that there existed a reasonable probability that, but for her trial counsel's failure to advise her of the consequences her guilty plea would have on her pending capital cases, she would not have pleaded guilty and would have insisted on going to trial."). Accordingly, we hold that the trial court did not err in denying appellant's motion for new trial on the ground that his trial counsel's ineffective assistance rendered his guilty plea involuntary.

We overrule appellant's third and fourth issues.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish.   TEX. R. APP. P. 47.2(b).